FILED by ___ D.C.
ELECTRONIC
Nov. 24, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. **08-14391-Civ-MOORE/LYNCH**

CHARLES NEFF and CORDA HESTLE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

UNITED STATES PHARMACEUTICAL, INC., an entity not authorized to transact business in the State of Florida, UNITED STATES PHARMACEUTICAL GROUP, L.L.C., a Delaware Limited Liability Company authorized to due business in Florida and NATIONSHEALTH, a Fictitious Corporation registered to do business in Florida, GLENN PARKER, individually, and LEWIS STONE, individually.

    Defendants.
_____/

## COMPLAINT

COME NOW, the Plaintiffs CHARLES NEFF and CORDA HESTLE, by and through undersigned counsel and sue Defendants, UNITED STATES PHARMACEUTICAL, INC., UNITED STATES PHARMACEUTICAL GROUP, L.L.C., NATIONSHEALTH, GLENN PARKER, and LEWIS STONE, and say as follows:

### INTRODUCTION

1. This is a Complaint pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, et seq.) and Florida law for unpaid wages, unpaid bonuses, overtime wages, liquidated damages, attorney's fees, pre-judgment interest, and costs. The Plaintiffs are former employees of the Defendants, and seek recovery of lost wages which were due to them but have remained unpaid. Defendants intentionally miscalculated the rate of bonus wages by failing to pay Plaintiffs for all

work performed. Defendants intentionally miscalculated the rate of overtime pay by failing to include non-discretionary production bonus wages into the calculation of the overtime rate of pay.

2. Plaintiffs seek recovery of the accumulated unpaid lost wages for the entire period of two (2) years prior to the filing of this action and unpaid overtime for the entire three (3) years prior to the filing of this action. In addition, they seek to represent other current and former employees of the Defendants employed during this same period. It is estimated that over twenty (20) such employees were similarly situated and subjected to underpayment of bonus wages and underpayment of overtime wages. In addition to payment of the unpaid lost wages and overtime, Plaintiffs seek recovery of liquidated (double) damages equal to the amount of the unpaid overtime wages for themselves, and for all other employees similarly situated.

## JURISDICTION

3. Jurisdiction in the Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq. This Court may also exercise supplemental jurisdiction over the State wage claims pursuant to 28 U.S.C. § 1367.

## PARTIES

4. The Plaintiffs to this action are identified as follows:

(a) At all times material hereto, Plaintiff CHARLES NEFF, hereinafter "NEFF," was and is a resident of St. Lucie County, Florida. Plaintiff NEFF was employed by the Defendants from approximately October 2006 through October 2007. Plaintiff NEFF was and is a non-exempt, hourly paid employee of Defendants who is, or was, subject to the payroll practices and procedures described herein and who worked in excess of forty (40) hours during one (1) or more weeks beginning on or after more than three (3) years prior to the filing of this

2

complaint. Plaintiff NEFF worked as a sales agent in the Medicare Part B and/or Part D departments and the Prescription Drug Plan and/or Pharmacy departments.

(b) At all times material hereto, Plaintiff CORDA HESTLE, hereinafter "HESTLE," was a resident of St. Lucie County, Florida. Plaintiff HESTLE was employed by the Defendants from approximately March 2006 through November 2007. Plaintiff HESTLE was and is a non-exempt, hourly paid, employee of Defendants who is, or was, subject to the payroll practices and procedures described herein and who worked in excess of forty (40) hours during one (1) or more weeks beginning on or after more than three (3) years prior to the filing of this complaint. Plaintiff HESTLE worked as a sales agent in the Medicare Part B and/or Part D departments and the Prescription Drug Plan and/or Pharmacy departments.

(c) At all times material hereto, Plaintiffs were individually engaged in commerce, and the work they performed was directly essential to the interstate business performed by the corporate Defendants.

5. The Defendants to this action are identified as follows:

(a) UNITED STATES PHARMACEUTICAL, INC. is an entity not authorized to transact business in the State of Florida, and is the apparent payor of the Plaintiffs and those similarly situated.

(b) UNITED STATES PHARMACEUTICAL GROUP, L.L.C. is a Delaware Limited Liability Company authorized to do business in Florida.

(c) NATIONSHEALTH is Fictitious Corporation registered to do business in Florida which is owned by UNITED STATES PHARMACEUTICAL GROUP, L.L.C. and which conducts business in St. Lucie County, Florida.

(d) GLENN PARKER, is a manager and member of UNITED STATES PHARMACEUTICAL GROUP, L.L.C., one of the corporate defendants, and has acted in all respects as an employer as defined in 29 U.S.C. § 203.

(e) LEWIS STONE, is a manager and member of UNITED STATES PHARMACEUTICAL GROUP, L.L.C., one of the corporate defendants, and has acted in all respects as an employer as defined in 29 U.S.C. § 203.

(f) At all times material hereto, each of the corporate and individual Defendants employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with the Defendants each having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00). Each corporate Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA.

7. All of the Defendants employ or employed the same practices and procedures with respect to non-payment of non-discretionary production bonus wages and with respect to the calculation of the overtime rate for hourly-rate employees who have earned non-discretionary production bonuses during the same pay period in which they have earned overtime.

## COUNT I – UNDERPAYMENT OF BONUS WAGES

8. Plaintiffs reallege and incorporate paragraphs 1 through 7 as if fully set forth herein.

9. Plaintiffs worked as sales agents in the Medicare Part B and/or Part D departments and the Prescription Drug Plan and/or Pharmacy departments.

10. Plaintiffs were required to and did keep detailed records of their daily sales activity.

4

11. Defendants instituted a non-discretionary production bonus program in which Plaintiffs were to be paid a flat-rate bonus for each item sold that was included in the program.

12. Defendants paid a portion of the non-discretionary production bonuses to the Plaintiffs but failed to compensate them for the full amount of the flat-rate production bonuses for each and every item that was actually sold.

13. Plaintiffs have retained the services of the undersigned counsel and are obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

14. As a direct and proximate result of Defendants' deliberate underpayment of bonus wages, the Plaintiffs have been damaged by the loss of bonus compensation.

## COUNT II – UNDERPAYMENT OF OVERTIME WAGES

15. Plaintiffs reallege and incorporate paragraphs 1 through 14 as if fully set forth herein.

16. Plaintiffs worked as sales agents in the Medicare Part B and/or Part D departments and the Prescription Drug Plan and/or Pharmacy departments.

17. Defendants employed Plaintiffs for work weeks longer than forty (40) hours and willfully failed to compensate them for hours worked in excess of forty (40) hours a week at a rate of at least one and one-half times the regular rate at which they were employed, contrary to the requirements of Section 7 of the FLSA (29 U.S.C. § 207). Plaintiffs are entitled to be paid time and one-half for their base rate of pay for each hour worked in excess of forty (40) per week.

18. Defendants failed to include remuneration from the non-discretionary production bonuses in the calculation of the overtime rate of pay, contrary to the requirements of 29 C.F.R. §778.209.

19. As a direct and proximate result of Defendants' deliberate underpayment of overtime wages, Plaintiffs have been damaged by the loss of overtime compensation.

## COUNT III –
## ALL PLAINTIFFS AGAINST ALL DEFENDANTS
### Statutory Collective Action

20. Plaintiffs reallege and incorporate paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiffs bring this action on behalf of themselves and other similarly situated employees and former employees of Defendants for lost wages and for overtime compensation and other relief pursuant to the FLSA and Florida law and as described herein.

22. The Defendants employed the same practices and procedures described herein with regard to non-payment of non-discretionary production bonuses and with regard to the means by which they calculated overtime pay for other sales agent employees who earned non-discretionary production bonuses and were paid on an hourly basis.

23. The additional persons who may become plaintiffs in this action are all non-exempt employees paid an hourly rate who worked in the Medicare Part B and/or Part D departments and Prescription Drug Plan and/or Pharmacy departments as agents who were employed by any of the Defendants at any time during the three (3) years prior to the filing of the Complaint in this matter. All such employees were subject to the underpayment of non-discretionary production bonus wages and the miscalculation of overtime pay.

24. Other additional persons who may become plaintiffs in this action (who are included in the group defined in paragraph 23 above) are non-exempt employees of Defendants who were paid on an hourly wage basis and were subject to have worked in excess of forty (40) hours during any work week, who did not directly supervise two (2) or more full-time employees, and who were not paid time and one-half as mandated by 29 U.S.C. § 207.

6

25. Records, if any, concerning the actual number of hours worked by Defendants' employees and former employees and the actual compensation paid to the Plaintiffs and employees similarly situated to Plaintiffs and records identifying all sales and shipments are in the possession, care, custody, and control of Defendants. The Plaintiffs are unable at this time to state the exact amount due and owing to themselves and to each similarly situated employee.

26. For more than three (3) years preceding the filing of this Complaint, the Defendants knowingly, willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA (29 U.S.C. § 207 and § 215(a)(2)) and 29 C.F.R. § 778.209 by employing persons in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the base rates at which they were employed.

27. All similarly situated employees are owed their lost non-discretionary production bonus wages and lost overtime compensation for each overtime hour each employee worked and was not paid at the statutory rate of time and one-half, including provision for an increase in the overtime pay rate when production bonuses were earned by the employees of Defendants.

28. As a direct and proximate result of Defendants' intentional and willful disregard for the FLSA, Plaintiffs and all similarly situated employees are entitled to unpaid overtime wages for the three (3) year period immediately preceding the filing of this Complaint.

29. As a direct and proximate result of Defendants' intentional and willful disregard of Florida common law, Plaintiffs and all similarly situated employees are entitled to unpaid non-discretionary bonus wages for the two (2) year period immediately preceding the filing of this Complaint.

30. Any other employee or former employee who consents to join in this action as a plaintiff is entitled to recover unpaid non-discretionary production bonus wages for the two (2) years preceding the filing of this Complaint, payment for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, pre-judgment interest on unpaid wages, any benefits tied to wages earned, and a reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs, CHARLES NEFF and CORDA HESTLE and all similarly situated employees or former employees demand judgment against Defendants UNITED STATES PHARMACEUTICAL, INC., UNITED STATES PHARMACEUTICAL GROUP, L.L.C., NATIONSHEALTH, GLENN KELLY, and LEWIS STONE, as follows:

(a) for compensatory damages for lost bonus wages together with prejudgment interest, any benefits tied to wages earned, reasonable attorney fees and costs pursuant to Florida law and Fla. Statute §448.08 for the two (2) years preceding the filing of this Complaint.

(b) for compensatory damages for lost overtime compensation at the rate required by law, an additional equal amount as liquidated damages, any benefits tied to unpaid overtime wages earned, reasonable attorney fees and costs pursuant to the FLSA for the three (3) years preceding the filing of this Complaint.

(c) grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

Dated: November 20, 2008

8

*[signature]*

Mark A. Cullen - Florida Bar No. 325082
Beth L. Blechman - Florida Bar No. 599522
THE CULLEN LAW FIRM, P.A.
***Attorneys for Plaintiff***
Concourse Tower II – Suite 400
2090 Palm Beach Lakes Boulevard
West Palm Beach, Florida  33409
Telephone:     561.640.9191
Facsimile:      561.214.4021

≈JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
CHARLES NEFF and CORDA HESTLE, on behalf of themselves and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff  **St. Lucie**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark A. Cullen, Esq. and Beth Blechman, Esq., The Cullen Law Firm, P.A., 2090 Palm Beach Lakes Blvd., #400, West Palm Beach, FL 33409; Phone: 561.640.9191

### DEFENDANTS
SEE ATTACHED

County of Residence of First Listed Defendant  **Palm Beach**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:   ☐ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ✓ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
✓ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

08CV14391 Kmm/FJL

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ■ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN  (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO
JUDGE                              DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 201, et seq., 28 U.S.C. Section 1367

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ✓ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE  November 21, 2008

FOR OFFICE USE ONLY
AMOUNT  350.00   RECEIPT #  725 875    IFP

FILED by ___ D.C.
ELECTRONIC

Nov. 24, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Civil Cover

**DEFENDANTS:**

UNITED STATES PHARMACEUTICAL, INC.,
an entity not authorized to transact business in the State of Florida,

UNITED STATES PHARMACEUTICAL GROUP, L.L.C.,
a Delaware Limited Liability Company authorized to due business in Florida

NATIONSHEALTH, a Fictitious Corporation registered to do business in Florida,

GLENN PARKER, individually,

LEWIS STONE, individually.